IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

UNITED STATES OF AMERICA,      No. 3:17-cr-00414-HZ-1

         Plaintiff,      ORDER

    v.

SAUL GUZMAN,

         Defendant.

Amy E. Potter
United States Attorney's Office
405 E. 8th Avenue, Suite 2400
Eugene, OR 97401

        Attorney for Plaintiff

C. Renee Manes
Federal Public Defender
101 SW Main Street
Suite 1700
Portland, OR 97204

        Attorney for Defendant

1 – OPINION & ORDER

HERNÁNDEZ, District Judge:

Defendant Saul Guzman moves the Court to reduce the remainder of his sentence to home confinement under 18 U.S.C. § 3582(c)(1)(A)(i).[1] The Government opposes Defendant's motion. Because Defendant has not demonstrated extraordinary and compelling reasons for his release and his early release would undermine the § 3553(a) sentencing factors, the Court denies Defendant's Motion to Reduce Sentence.

## STANDARDS

A federal district court generally "may not modify a term of imprisonment once it has been imposed[.]" 18 U.S.C. § 3582(c); *see also Dillon v. United States*, 560 U.S. 817, 824–25 (2010). With the passage of the First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5191 (2018), Congress authorized the district court to modify a defendant's sentence on a motion for compassionate release by a defendant:

> [T]he court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment . . . after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>
> (i) Extraordinary and compelling reasons warrant such a reduction; [. . . ]
>
> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(1)(A).

The policy statement issued by the United States Sentencing Commission identifies four categories of extraordinary and compelling reasons: (A) the medical condition of the defendant;

---

[1] The Government concedes that Defendant has satisfied the exhaustion requirement of the statute. *See* 18 U.S.C. § 3582(c)(1)(A).

(B) the age of the defendant; (C) family circumstances, including "death or incapacitation of the caregiver of the defendant's minor child"; and (D) other reasons, as determined by the Director of the Bureau of Prisons, that amount to an extraordinary and compelling reason "other than, or in combination with, the reasons described in subdivisions (A) through (C)." U.S.S.G. § 1B1.13 app. n.1(A)–(D).

The policy statement also requires the court to determine whether the circumstances warrant a reduction (and, if so, the amount of reduction), after considering the factors set forth in 18 U.S.C. § 3553(a) and whether the defendant is a danger to the safety of any other person or to the community as provided in 18 U.S.C. § 3142(g). U.S.S.G. § 1B1.13(4).

## DISCUSSION

Defendant is 31 years old. Defendant has hypertension, asthma, and hyperlipidemia. Def. Ex. C, 2. He has also previously tested positive for COVID-19 and reports that since testing positive he has developed "abnormal breathing" and "SOB [shortness of breath] with heavy exertion and exercise." *Id.* In his motion, he also alleges he has, "chronic Hepatitis B" and "a persistent acute upper respiratory infection." Def. Mot. at 2. He argues that these serious medical conditions and his age, combined with the pandemic and current conditions at Herlong FCI, provide extraordinary and compelling reasons to reduce his sentence.

### I. Defendant's Medical Conditions

Despite living with multiple co-morbidities, Defendant's medical conditions do not constitute an extraordinary and compelling reason to reduce his sentence. Defendant takes a daily medication for his hypertension, asthma, and hyperlipidemia and his most recent medical record describes his elevated blood pressure as "borderline." Def. Ex. C, 1–2. The Centers for Disease Control and Prevention (CDC) indicates that hypertension and moderate to severe asthma *may*

3 –ORDER

increase a patient's risk of serious illness from COVID-19.[2] Hyperlipidemia, without other serious heart conditions, is not known to increase the risk of severe illness. *Id.* Defendant is only 31 years old, younger than the high-risk group identified by the CDC[3] and the record supports that these conditions are monitored and well-managed.

Although Defendant has reported changes in his breathing since testing positive for COVID-19 in the spring of 2020, the medical record provides little guidance on the significance of this report. The doctor noted that Defendant was in "NAD" or no apparent distress at the time of his last check-up in July 2020. Def. Ex. C, 1. His medical records are also not clear on the impact of his alleged "persistent respiratory infection." In November 2019, Defendant had a respiratory infection, and another part of the record lists this condition as "current." *Id.* at 41, 83. At his most recent medical visits, however, there is no mention of a persistent respiratory infection or the impact of an infection on his overall health. *Id.* at 1–5.

Similarly, although Defendant describes his hepatitis B as chronic, the record only shows one positive test, with a note from the doctor to repeat in six months. *Id.* at 2. The results of the second test the doctor ordered in July 2020 are not in the record. *Id.* at 3. There are also no notes that suggest Defendant currently suffers from the serious health problems associated with hepatitis B. The CDC states that, "we have no information about whether people with hepatitis B

---

[2] *People with Certain Medical Conditions*, Centers for Disease Control and Prevention, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html?CDC_AA_refVal=https%3A%2F%2Fwww.cdc.gov%2Fcoronavirus%2F2019-ncov%2Fneed-extra-precautions%2Fgroups-at-higher-risk.html (last updated Dec. 28, 2020). updated July 28, 2020).

[3] *Older Adults*, Centers for Disease Control and Prevention, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/older-adults.html (last updated Dec. 13, 2020).

4 –ORDER

or hepatitis C are at increased risk for getting COVID-19 or having severe COVID-19" but indicates a possible risk for "people with liver disease." [4]

Defendant is currently serving his sentence at Herlong FCI. As of December 28, 2020, Herlong FCI had a prison population of 869 inmates with nine inmates and seven staff testing positive for COVID-19.[5] COVID-19 test numbers from earlier in December were much higher at Herlong FCI. *See* Def's Supp. at 2, ECF 59. Given that Defendant's risk factors otherwise remain moderately low and that the increase in active cases in his facility appears to have slowed dramatically, Defendant's medical conditions are not an extraordinary or compelling reason to reduce his sentence.

## II. 18 U.S.C. § 3553(a) Sentencing Factors

Defendant pleaded guilty to possession with the intent to distribute methamphetamine in January 2019. J. and Commitment, ECF 46. He has a prior conviction for possession with the intent to deliver methamphetamine and was on federal supervision at the time he committed this crime. Resp. at 1. Defendant was sentenced to 120 months imprisonment for this conviction and a concurrent 24-month sentence for violating his supervised release. J. and Commitment. Defendant has served approximately 38 months (32%) of his sentence and has a projected release date in 2026. Def. Ex. A.

Defendant argues that given the new circumstance of the COVID-19 pandemic reducing his sentence to a period of home confinement satisfies the purposes of punishment under § 3553(a). Defendant also argues he is not a danger to the community because he will reside with

---

[4] *What to Know About Liver Disease and COVID-19*, Centers for Disease Control and Prevention, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/liver-disease.html (last updated May 5, 2020).
[5] Bureau of Prisons, COVID-19 Cases, https://www.bop.gov/coronavirus/ (last updated Dec. 28, 2020).

5 –ORDER

his brother and possibly work. He notes that he committed a non-violent offense, and that BOP cannot offer additional support and programing for his addiction recovery due to the pandemic.

The Court finds that a reduction in Defendant's sentence to home confinement would undermine the § 3553(a) sentencing factors. Defendant committed the same crime within a period of just over five years and committed the second offense while on supervised release. The 120-month sentence ordered by the Court was necessary to deter Defendant's involvement with drug possession and distribution and to protect the public from further crimes. Defendant's relatively short amount of time served is insufficient to deter future criminal conduct and to protect the public. Reducing Defendant's sentence to home confinement would undermine the sentencing guidelines and create an unwarranted sentencing disparity when compared to others convicted of similar crimes. 18 U.S.C. 3553(a)(6). As a result, the Court finds that compassionate release is not warranted.

## CONCLUSION

The Court DENIES Defendant's Motion to Reduce Sentence Pursuant to U.S.C. § 3582(c)(1)(A)(i) [51] without prejudice and with leave to seek reconsideration if circumstances change.

IT IS SO ORDERED.

DATED:___December 31, 2020___.

*Marco Hernandez*
MARCO A. HERNANDEZ
United States District Judge

6 –ORDER